CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 16, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Troy Whitehead, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 7:25-cv-00605 |
| Officer Logan Vermillion | ) |
| | ) |
| and | ) |
| | ) |
| Officer Dan Harding, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Troy Whitehead, an incarcerated individual proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, asserting a variety of claims arising out of a traffic stop. Whitehead's complaint named two police officers as Defendants, Logan Vermillion and Dan Harding. Defendants filed both a motion to dismiss and a motion for summary judgment. (Dkts. 16, 18.) The court sent Whitehead a *Roseboro* notice, (Dkt. 20), but Whitehead did not respond to either motion. For the reasons explained below, the court will grant the motions and dismiss this action.

### I.    Factual and Procedural History

Whitehead challenges the same traffic stop that is at issue in the case brought in this court by his son and passenger in the vehicle, River Richards, Civil Action No. 7:25-cv-00184.

Whitehead in his suit[1] named as Defendants the arresting Officer Logan Vermillion and the Police Chief, Donald Harding, III.  (Dkt. 1 at 1.)

Whitehead's complaint, which was verified, is sparse with very little factual content. According to the complaint, Whitehead was driving a vehicle and "was turning on Bristol Hwy[.]  Officer Vermillion [p]ulled up [b]ehind me and turned his lights on[.]  [W]e pulled over and [he] asked me what[']s my hurry.  I didn't understand because I've [j]ust taken off and wasn't speeding." (*Id.* at 2.)  That is the entirety of the factual allegations in the complaint. No other pleading provides more detail.  From these factual allegations, Whitehead asserts violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as violations of wrongful incarceration, malicious prosecution, and public humiliation rights.  (*Id.*)

## II.    Standard of Review

As to the motion to dismiss, "the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint."  *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  In making

---

[1]The court notes that the handwriting on the two suits appears to be the same, and it advises the parties that non-lawyers are not permitted to represent other parties in litigation.

this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

As to the summary judgment motion, summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists only where the record, taken as a whole, could lead a reasonable jury to return a verdict in favor of the nonmoving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). In making that determination, the court must take "the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011).

A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). Moreover, "the mere existence of *some* alleged factual dispute between the parties will not

---

[2] Richards's second amended complaint was verified, so the court has accepted its factual allegations as true and as evidence supporting his claims.

defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. Instead, the non-moving party must produce "not 'merely colorable' but 'significantly probative' evidence" from which a reasonable jury could return a verdict in his favor. *Abcor Corp. v. AM Int'l, Inc.*, 916 F.2d 924, 930 (4th Cir. 1990) (quoting *Anderson*, 477 U.S. at 249–50). Disputes about conclusions of law do not prevent the entry of summary judgment. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

## III.    Analysis

There are no factual allegations against Defendant Harding whatsoever, so his dismissal is warranted. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant . . . , the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). A viable § 1983 claim requires factual detail about each defendant's personal involvement in an asserted claim. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).

Most of Whitehead's claims should be dismissed for failure to state a claim because the cited amendments and causes of action do not provide any basis for relief related to the factual allegations. Specifically, the Fifth Amendment's due process clause regulates federal conduct only, and the Defendants here are municipal actors. *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 537 (4th Cir. 2022) ("The Fifth Amendment's Due Process Clause does not apply to municipalities, but only to federal actors."). No facts are alleged relating to the clauses of the Fifth Amendment forbidding double jeopardy, compelled self-incrimination, or

any takings. *See* U.S. Const. amend. V. Similarly, none of the facts alleged by Whitehead relate to a claim under the Sixth Amendment, which includes the right to a speedy trial by an impartial jury, the right of an accused to know the charges and evidence against them, the right to confront accusers, the right to call witnesses, and the right to counsel. *See id.* amend. VI. The Eighth Amendment is not applicable to these facts because it regulates behavior after a criminal conviction. *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997) ("The Eighth Amendment does not apply 'until after conviction and sentence.'") (citing *Graham v. Connor,* 490 U.S. 386, 392 n.6 (1989)). Likewise, the Fourteenth Amendment applies only after arrest, and Whitehead's claims arise during the process of his arrest. *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008) ("[E]xcessive force claims of a pretrial detainee [or arrestee] are governed by the Due Process Clause of the Fourteenth Amendment." (citation omitted)). Public humiliation is not a cause of action under federal or Virginia law. Malicious prosecution and wrongful incarceration are not implicated causes of action because these claims relate to the stop and arrest of Whitehead, not his subsequent prosecution in which he plead guilty, (*see* Dkt. 19-1 (records of conviction and guilty plea)), and incarceration. Accordingly, dismissal of all of the claims above is warranted for failure to state a claim upon which relief could be granted.

Finally, Whitehead may be attempting to assert that the stop violated the Fourth Amendment because he "wasn't speeding," perhaps implying that the arresting officer lacked cause to stop the vehicle and/or arrest him. (Dkt. 1 at 2.) The court accepts as true Whitehead's allegation that he was not speeding, but that does not indicate that there was no cause for the stop or his arrest. That factual allegation cannot support on its own a viable

Fourth Amendment claim, and the factual allegations are insufficient to indicate a plausible claim that the stop violated the Fourth Amendment.

Additionally, Defendants' motion for summary judgment clarifies the gaps in Whitehead's allegations, establishing that the challenged stop occurred after police received a call from a citizen about the vehicle's erratic driving. (Dkt. 19-2 ¶ 2.) Responding officer Vermillion observed Whitehead's reckless driving and initiated a stop by flashing his lights. (*Id.* ¶ 4.) Then, the car driven by Whitehead went down the road the wrong way briefly after hitting the median. (*Id.*) After the vehicle stopped, it was determined that Whitehead's driver's license had been revoked, and he failed a sobriety test. (*Id.* ¶¶ 5–6, 7, 9.) A preliminary blood test indicated Whitehead's blood alcohol content was 0.22. (*Id.* ¶ 8.) Whitehead was then arrested for driving while intoxicated. (*Id.* ¶ 10.) He was then charged and subsequently convicted of a variety of offenses after pleading guilty. (*Id.* ¶ 12.) His conviction has not been overturned. Whitehead rebutted none of these facts. Accordingly, there was clear and wholly unrebutted cause for the stop, for his arrest, and for his prosecution. Accordingly, the court will grant Defendants' motion for summary judgment as to any Fourth Amendment claims.

### IV.    Conclusion and Order

As explained above, the court finds that the complaint fails to state a claim upon which relief could be granted as to all claims. Further, the court finds that summary judgment should be granted as to claims arising under the Fourth Amendment. The court therefore **GRANTS** both the motion to dismiss and the motion for summary judgment. (Dkts. 16, 18.)

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Whitehead and to close this case.

**IT IS SO ORDERED**.

**ENTERED** this 16th day of March, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE